IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROGER SHAW, #1449690 | § | |
| VS. | § | CIVIL ACTION NO. 6:10cv100 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

The above-entitled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was heretofore referred to United States Magistrate Judge John D. Love. The Report and Recommendation ("R&R") of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner has filed objections.

Having made a *de novo* review of the objections raised by Petitioner to the issues analyzed in the R&R, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit.

Specifically, Petitioner generally simply repeats the arguments from his main brief and supplemental memoranda. He does address the Magistrate Judge's finding that his argument that the state intermediate appellate court's issuance of mandate on the denial of his direct appeal should have been the date from which the one-year habeas limitations period began to run. As the Magistrate Judge pointed out, *Gonzalez v. Thaler*, 132 S. Ct. 641, 656, 181 L. Ed. 2d 619 (2012), addresses this specific point and explicitly clarifies that the issuance of mandate is *not* the commencement of the habeas limitations period. Instead, the period begins to run, as the Magistrate Judge found, and "the

1

judgment becomes 'final' under § 2244(d)(1)(A) [for the limitations period purposes] when the time for seeking such review expires[.]" *Id*. In this case, the time for seeking review expired when Petitioner failed to timely file a petition for discretionary review with the Texas Court of Criminal Appeals. Petitioner argues in his objections that he did file such a petition, but, as he admits and the Magistrate Judge reported, that purported petition was untimely and was rejected for that reason. Therefore, it did not toll the limitations period.

Petitioner's remaining arguments raise nothing new, and each has been addressed in the R&R. Therefore, Petitioner's objections are without merit and are overruled. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts same as the findings and conclusions of the Court.

Petitioner's federal habeas petition is untimely. Further, he has not shown that the state court proceedings of which he complains resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See Riddle v. Cockrell*, 288 F.3d 713, 716 (5th Cir.), *cert. denied* 537 U.S. 953, 123 S. Ct. 420, 154 L. Ed. 2d 300 (2002); 28 U.S.C. § 2254(d). It is accordingly

**ORDERED** that Petitioner's Objections (docket entry #31) are hereby **OVERRULED**. It is further

**ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and the case is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is finally

**ORDERED** that any remaining motions by either party not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 4th day of February, 2013.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**